UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

GAUTAM S. ADANI, SAGAR R. ADANI, VNEET
S. JAAIN, RANJIT GUPTA, CYRIL CABANES,
SAURABH AGARWAL, DEEPAK MALHOTRA,
and RUPESH AGARWAL,

                                    Defendants.

**MEMORANDUM & ORDER**
**24-CR-0433 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The United States of America (the "Government") moves to dismiss the Indictment with prejudice as against all Defendants: Gautam S. Adani, Sagar R. Adani, Vneet S. Jaain, Ranjit Gupta, Cyril Cabanes, Saurabh Agarwal, Deepak Malhotra, and Rupesh Agarwal (collectively, "Defendants"). (Govt.'s Consent Mot. to Dismiss ("Mot. to Dismiss") (Dkt. 23).) According to the Government, "Counsel for all defendants consent to this relief." (*Id.*) For the reasons explained below, the Government is DIRECTED to provide the court with each reason for dismissing the Indictment with prejudice as against all Defendants, and to provide the court with sufficient factual support for each basis.

On October 24, 2024, Defendants were indicted by a grand jury sitting in the Eastern District of New York. (Indictment (Dkt. 1).) In the Indictment, the Government accuses Defendants Gautam and Sagar Adani, among other executives and associates of the Indian Energy Company (the "Company"), of orchestrating a scheme to pay over $250 million in bribes to Indian government officials to secure "lucrative solar energy supply contracts with

1

Indian government entities."[1] (*Id.* ¶ 1; *see also id.* ¶¶ 37-38, 42-72.) The Government further alleges a conspiracy to mispresent the Company's anti-bribery practices to United States-based and international investors and describes how the Company's senior executives allegedly concealed the bribery scheme (and the Government's investigation into the same) from those investors in order to raise "billions of dollars in financing." (*Id.* ¶ 1; *see also* ¶¶ 39-41, 79-123.) Finally, the Government alleges that Defendants Cabanes, Malhotra, Saurabh Agarwal, and Rupesh Agarwal conspired to obstruct the Government's civil and criminal investigations into the alleged bribery and fraud schemes. (*Id.* ¶¶ 73-78, 135.)

Based on these three alleged schemes, the 54-page Indictment charges 5 counts: (1) Count One: Conspiracy to Violate the Foreign Corrupt Practices Act ("FCPA"); (2) Count Two: Securities Fraud Conspiracy; (3) Count Three: Wire Fraud Conspiracy; (4) Count Four: Securities Fraud; and (5) Count Five: Conspiracy to Obstruct Justice. (*Id.* ¶¶ 124-35.) The Indictment identifies 16 Overt Acts in furtherance of the alleged conspiracy to violate the FCPA charged in Count One. (*Id.* ¶ 126(a)-(p).) In furtherance of the alleged securities fraud conspiracy charged in Count Two, the Indictment enumerates 4 Overt Acts. (*Id.* ¶ 129(a)-(d).) The Indictment also includes Criminal Forfeiture Allegations as to all Counts. (*Id.* ¶¶ 136-39.)

---

[1] The Company, a renewable-energy company operating and headquartered in India, is alleged to be one of the many portfolio companies comprising Defendant Gautam Adani's "Conglomerate"—a "diversified, multinational organization" and "one of India's largest business organizations." (Indictment (Dkt. 1) ¶¶ 2-3, 8.) During the period in which the relevant conduct occurred, Defendant Gautam Adani served as the Company's Chairman and Non-Executive Director, and his nephew, Defendant Sagar Adani, served as Executive Director. (*Id.* ¶¶ 8-9.)

2

The Indictment was unsealed on November 20, 2024. Although arrest warrants were issued, no Defendant has appeared before this court. (*See generally* Docket.)

Now, the Government seeks to abandon this case. With Defendants' consent, the Government moves to dismiss the Indictment with prejudice as against all Defendants, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. (Mot. to Dismiss.) To support the motion, the Government states, in full: "The Department of Justice has reviewed this case and has decided, in its prosecutorial discretion, not to devote further resources to these criminal charges against individual defendants."[2] (*Id.* (internal citation omitted).)

Rule 48(a) provides that "the government may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a); *see also United States v. Blaszczak*, 56 F.4th 230, 238 (2d Cir. 2022) (same).[3] Consequently, "Rule 48(a) requires that the government set forth the basis for its motion to dismiss." *United States v. Adams*, 777 F. Supp. 3d 185, 208 (S.D.N.Y. 2025) (collecting cases); *see also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) ("[T]he trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."). In other words, Rule 48(a) is a "sunshine provision" pursuant to which the "prosecutor is under an obligation to supply sufficient reasons" supporting

---

[2] The court acknowledges receipt of a letter from counsel for Defendants Gautam Adani, Sagar Adani, and Jaain providing context for, and describing their reasons for consenting to, the Government's motion. (June 24, 2026 Ltr. to the Ct. (Dkt. 35).) Although the court appreciates counsel's many arguments in favor of the motion, it is the Government's obligation to come forward and to provide its rationale for dismissal—including sufficient factual information underlying the Government's decision to abandon the case.

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

the Government's dismissal of an indictment. *In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982).

Here, the Government's terse, bland, and conclusory statement affords the court neither a sufficient basis to reach any conclusion, nor the opportunity to conduct any analysis of the Government's request for dismissal.

Thus, the Government has failed to meet its obligation to supply adequate reasoning and sufficient facts to support dismissal of the Indictment. And, without this additional information, the court cannot fulfill its *own* obligation to exercise "sound judicial discretion in considering [the Government's] request for dismissal." 3B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 802 (4th ed. April 2026 update) ("Since the court must exercise sound judicial discretion in considering a request for dismissal, it must have sufficient factual information supporting the recommendation."). In fact, without the Government's reasoning and factual bases for dismissal, the court risks abusing its discretion in deciding the motion. *See Adams*, 777 F. Supp. 3d at 208 (adding that "a district court *abuses* its discretion if it does not articulate its reasons for granting or denying leave, and it cannot discharge its duties properly unless the underlying motion accurately states the government's reasons for dismissal") (emphasis added).

4

For these reasons, the Government is DIRECTED to advise the court of each reason for dismissing the Indictment with prejudice as against all Defendants and to provide the court with sufficient factual support for each basis. The Government must do so no later than **Monday, July 13, 2026**.

SO ORDERED.


Dated:    Brooklyn, New York
          June 26, 2026


                                        s/Nicholas G. Garaufis, USDJ
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge