UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

GAUTAM S. ADANI, SAGAR R. ADANI, VNEET
S. JAAIN, RANJIT GUPTA, CYRIL CABANES,
SAURABH AGARWAL, DEEPAK MALHOTRA,
and RUPESH AGARWAL,

Defendants.

**ORDER**

24-CR-0433 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of Mr. McCotter's letter responding to the court's June 26, 2026 Memorandum & Order directing the Government to advise the court of each reason for dismissing the Indictment with prejudice as against all Defendants. (Dkt. 37.) In his letter, Mr. McCotter—who states that he "was the final and sole decisionmaker to seek dismissal of the charges here," (*id.* at 3 n.1)—explains his reasons for "why [he] moved to dismiss all charges," (*id.* at 5). He also identifies "Non-Considerations"— namely, "some promise by those defendants to invest money in the United States" that was raised, but that Mr. McCotter evidently did not take into account, when seeking dismissal of the charges in this case. (*Id.* at 9.)

In describing these "Non-Considerations," Mr. McCotter raises "stories in the media about the Department's motion to dismiss the securities charges in this case." (*Id.*) Addressing these news articles, Mr. McCotter states in full:

> The current or former Department attorneys who unethically fed those stories have suggested that I sought dismissal of the securities charges at least in part because of some promise by those defendants to invest money in the United States. That is false. Before that

topic first arose, I had already firmly concluded I would seek dismissal of the securities charges no matter what, because they were so indefensible. To put a finer point on it: I would have sought dismissal of the securities charges regardless of any mentions of investments, regardless of whether the civil case (or any other matter) was settled or otherwise resolved, regardless of whether the other defendants consented, and regardless of what leakers might try to spin up in the media.

Also, even setting that aside, it is risible to suggest that the Managing Partner of Sullivan & Cromwell, who is perhaps the most respected and experienced securities attorney in the country, would propose any kind of improper resolution, let alone one crafted in a meeting with over a dozen attorneys present, including from other law firms. In a pitch to have charges dismissed, it would have been entirely fair to point out that the defendants have been effectively frozen out of the United States and its financial system for 18 months because of the pending indictment, and also that they had publicly and expressly indicated a desire to invest in the United States even before the prior Administration publicly unveiled its name-and-shame indictment. But again, although such a factor would be entirely fair to consider, I had already resolved beforehand to dismiss the securities charges, and accordingly the mention of potential investments could not have played any role.

(*Id.*) In other words, Mr. McCotter's response to the court's June 26, 2026 Memorandum & Order raises—for the first time— the specter of a possible agreement (involving one or multiple Defendants) in connection with the dismissal of the Indictment that has neither been memorialized nor previously brought to the

attention of this court. Here, the court once again notes its appreciation of counsel for Defendant Gautam Adani's June 24, 2026 letter describing the three appearing Defendants' reasons for consenting to the Government's motion to dismiss. (Dkt. 35.) That letter, however, made no mention of any agreement to abandon this case—let alone an agreement to drop the charges in exchange for a defendant's promise "to invest money in the United States." (Dkt. 37 at 9.)

To grant a Rule 48(a) motion—even with the defendant's consent—the court "should be satisfied that the reasons advanced [by the Government] for the proposed dismissal are substantial and the real grounds upon which the application is based." *United States v. Adams*, 777 F. Supp. 3d 185, 208 (S.D.N.Y. 2025) (first quoting *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964); and then citing *United States v. Rosenberg*, 108 F. Supp. 2d 191, 204-05 (S.D.N.Y. 2000)); *see also United States v. Blaszczak*, 56 F.4th 230, 240 (2d Cir. 2022) ("Rule 48(a) was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power.").

Consequently, to fulfill its obligations under Rule 48(a) and satisfy itself that no agreement exists in connection with the dismissal of the Indictment, the court DIRECTS Defendant Gautam Adani to respond to the following questions by sworn affidavit no later than **Wednesday, July 15, 2026:**

1. Are you aware of anything promised, offered, sought, received, agreed to, or accepted, by anyone, in connection with the dismissal of the Indictment?

2. Are you aware of any agreement exchanging anything for the dismissal of the Indictment?

SO ORDERED.

Dated:     Brooklyn, New York
           July 8, 2026

s/Nicholas G. Garaufis, USDJ
_____
NICHOLAS G. GARAUFIS
United States District Judge
